

# Fourth Court of Appeals
## San Antonio, Texas

June 21, 2018

No. 04-18-00278-CV

Susan **FOSCHINI** (aka Susan Cammack),
Appellant

v.

**THE BANK OF NEW YORK MELLON** f/k/a The Bank of New York as Trustee for the
Certificate Holders of Swabs 2004-05,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 17902C
Honorable Susan Harris, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Susan Cammack Foschini appealed the county court's March 28, 2018 final judgment for possession in an eviction case. The record has not yet been filed, and the record before this court does not reflect whether the county court set a supersedeas bond or whether Foschini has posted a supersedeas bond. The Kerr County District Clerk issued a writ of possession on June 8, 2018, and on June 19, 2018, Foschini filed in this court an "Emergency Ex Parte Motion For Temporary Restraining Order and Temporary Injunction Against Eviction." We construe the document as a motion to stay execution of a writ of possession.

Foschini first contends the writ of possession issued by the Kerr County District Clerk violates Texas Rule of Civil Procedure 510.8(d). However, Rule 510.8 does not apply after the justice court's judgment has been appealed to the county court for a trial de novo. When a judgment of possession is issued after a trial de novo by the county court, Rule of Civil Procedure 510.13 applies. That section states:

> The writ of possession, or execution, or both, will be issued by the clerk of the
> county court according to the judgment rendered, and the same will be executed
> by the sheriff or constable, as in other cases. The judgment of the county court

may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code.

Section 24.007 of the Property Code states:

> A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.

TEX. PROP. CODE ANN. § 24.007 (West Supp. 2017). Foschini does not allege that she has filed a supersedeas bond in an amount set by the county court. Accordingly, neither the Rules of Civil Procedure nor the Texas Property Code authorize a stay of the writ of possession.

Foschini next asserts the writ of possession issued by the Kerr County District Clerk is void because it incorrectly cites the Texas Rules of Civil Procedure and because the plaintiff/appellee did not have standing and was not entitled to a judgment. The first assertion is without merit and the second is an issue to be addressed in the merits of the appeal.

We therefore DENY Cammack's motion.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of June, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court